UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DESIGN BASICS, LLC,                         Case No.

                    Plaintiff,              Hon.

v

MITCH HARRIS BUILDING COMPANY,
INC., BLANK-HAM DEVELOPMENT, LLC,
MINDEN INVESTMENTS, LLC, and
MITCHEL L. HARRIS,

                    Defendants,

_____

Aaron M. Halvas (P63424)
HALVAS LAW FIRM, PLLC
Attorneys for Plaintiff
2153 Wealthy Street, S.E., Suite 244
East Grand Rapids MI  49506
(616) 295-6471
ahalvas@halvaslaw.com

Dana A. LeJune
Texas Bar No. 12188250
LEJUNE LAW FIRM
Attorneys for Plaintiff
6525 Washington Ave., Suite 300
Houston, TX 77007
(713) 942-9898
dlejune@triallawyers.net

_____

## COMPLAINT AND JURY DEMAND

Plaintiff, Design Basics, LLC (hereinafter, "DB") by its attorneys, Halvas Law Firm,

PLLC and Dana A. LeJune, brings this Complaint against the Defendants, Mitch Harris Building

Company, Inc. (hereinafter "MHBC"), Blank-Ham Development, LLC (hereinafter "BHD"),

Minden Investments, LLC ("hereinafter "Minden"), and Mitchel L. Harris (hereinafter "Harris"), and states as follows:

## JURISDICTION AND VENUE

1.      This Complaint is brought pursuant to 17 U.S.C. § 101 *et seq.* (hereinafter referred to as the "Copyright Act" or "Title 17") and 17 U.S.C. § 1202 *et seq.* (hereinafter the "Digital Millennium Copyright Act" or "DMCA").

2.      Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. § 1338.   Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 inasmuch as the claims set forth herein arise under the U.S. Copyright Act.

3.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) and (c) as each of the Defendants reside and/or maintain a principal place of business in this District as more fully set forth below.

## PARTIES

4.      Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.   DB is owned 50/50 by two (2) members, Myles Sherman and Patrick Carmichael.   Both Mr. Sherman and Mr. Carmichael are Texas residents.

5.      Defendant, MHBC, is a for-profit Michigan corporation with a principal office located at 211 N. First Street, Suite 100, Brighton, MI, 48116.   MHBC is in the business of marketing, development, construction supply, construction, remodeling, and/or the sale of residential houses.

6.      Defendant, BHD, is a for-profit Michigan limited liability company with a principal office located at 211 N. First Street, Suite 100, Brighton, MI, 48116.   BHD is in the

business of marketing, development, construction supply, construction, remodeling, and/or the sale of residential houses.

7.      Defendant, Minden, is a for-profit Michigan limited liability company with a principal office located at 211 N. First Street, Suite 100, Brighton, MI, 48116.  Minden is in the business of marketing, development, construction supply, construction, remodeling, and/or the sale of residential houses.

8.      Defendant Harris is an individual residing in Brighton, MI, who is an officer, director, manager and/or other principal of the entity Defendants identified in paragraph 5 through 7 herein.

## GENERAL ALLEGATIONS

9.      DB incorporates by reference paragraphs 1 through 8 as though the same were fully set forth herein.

10.      Since the mid 1980's, DB has been a major publisher of home plan catalogs. With the advent of the internet, and through DB's marketing of its works through the publishing of its designs on its website, and through its marketing partners, DB's designs have become ubiquitous in the marketplace.

11.      DB is the sole original author and owner of a large number of architectural works, including those entitled the "2761 Mayberry," and "1748 Sinclair" (hereinafter collectively referred to as the "Copyrighted Works").

12.      A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2761 Mayberry" is attached hereto as Exhibit 1.

13.      A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "1748 Sinclair" is attached hereto as Exhibit 2.

3

14.     On November 13, 2013 DB first became aware that the Defendants had violated their copyrights in one or more distinct ways. Upon investigation, DB saw several infringements of their works on Defendant MHBC's website, www.mitchharris.net, and preserved them by making screen captures.   To date, DB has discovered that the Defendants have infringed the following DB works:

    a.  DB's "2761 Mayberry," which Defendants refer to as "Chugach;"

    b.  DB has also discovered a second infringement of DB's "2761 Mayberry," which Defendants refer to as "Expanded Chugach;"

    c.  DB has also discovered a third infringement of DB's "2761 Mayberry," which Defendants refer to as "Cascade;"

    d.  DB's "1748 Sinclair," which Defendants refer to as "Dover;" and

    e.  DB has also discovered a second infringement of DB's "1748 Sinclair," which Defendants refer to as "Prairieview."

    f.  DB has also discovered a third infringement of DB's "1748 Sinclair," which Defendants refer to as "Sinclair."

15.     Additionally, Defendant MHBC's website displays and markets several other DB copyrighted works without attaching the required copyright management information ("CMI") with, upon information and belief, the intention and for the purpose of inducing and contributing to copyright infringement of DB's copyrighted works, including but not limited to the following:

    a.   DB's "2100 Fenton," which Defendants refer to as "Fenton."  A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2100 Fenton" is attached hereto as Exhibit 3.

    b.  DB's "1752 Lancaster," which Defendants refer to as "Lancaster."  A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "1752 Lancaster" is attached hereto as Exhibit 4.

4

   c. DB's "2656 Castlar," which Defendants refer to as "Monarch." A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2656 Castlar" is attached hereto as Exhibit 5.

   d. DB's "8037 Carriage Hills," which Defendants refer to as "Carriage Hills I" and "Carriage Hills II." A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8037 Carriage Hills" is attached hereto as Exhibit 6.

   e. DB's "3484 MacCready," which Defendants refer to as "Creekside." A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "3484 MacCready" is attached hereto as Exhibit 7.

   f. DB's "2245 Tyndale," which Defendants refer to as "Pinewood." A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2245 Tyndale" is attached hereto as Exhibit 8.

16.     Moreover, one or more of the Defendants received plan orders from DB and/or one or more of the Defendants have licensed works from DB. A copy of the customer order history is attached hereto as Exhibit 9.

17.     However, when DB checked its records, it found that DB had never licensed any of the Copyrighted Works set forth in paragraphs 11 through 14 above, to *any* of the Defendants.

18.     In addition to posting infringing copies of DB's copyright protected works on Defendants' website(s) for purposes of advertising, marketing and/or promotion, on information and belief, one or more of the Defendants, had a financial interest in the infringing activities, and/or realized profit attributable to infringing activities, including but not limited to the construction of one or more three-dimensional infringing copies (houses) of these works.

19.     Each three-dimensional copy constructed by Defendants as alleged in paragraph 18 above constitutes a derivative work infringing Plaintiff's copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

20.     Inasmuch as Harris was the principal and/or manager of the corporate entities identified in paragraphs 5 through 7 herein, and/or otherwise had control of those entities at the time Defendants infringed DB's works – and because Harris was the individual who ordered and/or received design catalogs from DB (*See* Exhibit 9) – Harris had knowledge of the infringing activities and/or had a financial interest and/or benefited there from by providing real estate, development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of Defendants' marketing, construction, and/or sales of said infringing houses.

21.     The conduct of the entity Defendants as described above, was performed and/or accomplished through the direction, control and conduct of Harris personally, as owner, officer, director and/or manager of the entity Defendants. Harris had the right and ability to supervise the infringing activities, including but not limited to preventing the entity Defendants from infringing DB's works, and/or stopping the infringements once they began. Additionally, on information and belief, Harris received pecuniary benefit from the acts of infringement by the entity Defendants. Accordingly, Harris is personally liable to DB as a joint and/or contributory infringer, or is otherwise vicariously liable.

22.     The illicit acts of the Defendants, as set forth more fully above were done without permission or license from DB, and are in violation of DB's exclusive copyrights in said works.

23.     Upon information and belief, Defendants have infringed DB's copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of and through the discovery process.

6

## CAUSES OF ACTION FOR WILLFUL COPYRIGHT INFRINGEMENT

### COUNT I

24.     DB incorporates by reference paragraphs 1 through 23 as though the same were fully set forth herein.

25.     Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 11 through 14 above  by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and upon information and belief have done so with others of DB's works which are as yet undiscovered.

### COUNT II

26.     DB incorporates by reference paragraphs 1 through 25 as though the same were fully set forth herein.

27.     Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 11 through 14 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof**,** in violation of 17 U.S.C. §106(5), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

### COUNT III

28.     DB incorporates by reference paragraphs 1 through 27 as though the same were fully set forth herein.

29.     Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 11 through 14 above by creating derivatives there from in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C.

§106(2), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## COUNT IV

30.     DB incorporates by reference paragraphs 1 through 29 as though the same were fully set forth herein.

31.     Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 11 through 14 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## ALTERNATIVE CAUSES OF ACTION FOR NON-WILLFUL COPYRIGHT INFRINGEMENT

## COUNT V

32.     DB incorporates by reference paragraphs 1 through 31 as though the same were fully set forth herein.

33.     Alternatively, Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 11 through  14 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## COUNT VI

34.     DB incorporates by reference paragraphs 1 through 33 as though the same were fully set forth herein.

8

35.     Alternatively, Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 11 through 14 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## COUNT VII

36.     DB incorporates by reference paragraphs 1 through 35 as though the same were fully set forth herein.

37.     Alternatively, Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 11 through 14 above by creating derivatives of Plaintiff's works in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## COUNT VIII

38.     DB incorporates by reference paragraphs 1 through 37 as though the same were fully set forth herein.

39.     Alternatively, Defendants, without knowledge or intent, infringed on one or more of Plaintiff's copyrighted works identified and described in paragraphs 11 through 14 above by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

9

## VIOLATIONS OF DMCA § 1202

### COUNT IX

40.     DB incorporates by reference paragraphs 1 through 39 as though the same were fully set forth herein.

41.     Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

42.     In creating the drawings identified above, one or more of said Defendants intentionally removed and/or omitted DB's copyright management information, or had them removed and/or omitted from copies of DB's works.

43.     One or more of the Defendants thereafter distributed copies and/or derivatives of such works, knowing that such copyright management information had been removed and/or omitted without authorization.

44.     At the time said Defendants removed and/or omitted DB's copyright management information from copies of the works, and at the time Defendants distributed copies of the works from which the copyright management information had been removed and/or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of DB's copyrighted works.

45.     DB is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

46.     Pursuant to 17 U.S.C. §1203(b)(5), DB is entitled to and seeks to recover their reasonable attorneys' fees.

10

## **RELIEF REQUESTED**

WHEREFORE, in addition to and without limiting any of the remedies sought and described above, DB is entitled to and respectfully requests that a judgment be entered in its favor and against the Defendants jointly and severally, ordering the following additional relief:

A.      An accounting by Defendants of their activities in connection with their infringements of DB's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B.      An award of DB's actual damages, in an amount to be determined at trial;

C.      For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D.      In the alternative, at DB's option, an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

E.      An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F.      An award of DB's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G.      For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing DB's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of DB's plans and/or derivatives thereof;

H.      An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe DB's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or

11

disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I.      An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; *and*

J.      For such other relief as the Court determines to be just and equitable.

## JURY DEMAND

Plaintiff, Design Basics, LLC, demands its constitutional right to trial by jury.

**HALVAS LAW FIRM, PLLC**
Attorneys for Plaintiffs

/s/ Aaron M. Halvas

Dated:  November 11, 2016          By:_____
                                                            Aaron M. Halvas (P63424)

**BUSINESS ADDRESS & TELEPHONE:**
2153 Wealthy Street, S.E., Ste. 244
East Grand Rapids, MI  49506
(616) 295-6471


**LEJUNE LAW FIRM**
Attorneys for Plaintiffs

/s/ Dana A. LeJune

Dated:  November 11, 2016          By:_____
                                                            Dana A. LeJune

**BUSINESS ADDRESS & TELEPHONE:**
6525 Washington Avenue, Ste. 300
Houston, Texas 77007
(713) 942-9898
